**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JENNIFER B. WHITAKER,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DOCKET NUMBER<br>DE-1221-13-0118-W-1<br><br><br>DATE: January 22, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>J. Douglas Whitaker</u>, Esquire, Papillion, Nebraska, for the appellant.

<u>Alexis S. Conway</u> and <u>Reynolds Wilson</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the March 12, 2013 initial decision, which dismissed her individual right of action (IRA) appeal as settled.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2     The appellant was employed as a Criminal Investigator with the agency's Office of the Inspector General (OIG) in Omaha, Nebraska.  Initial Appeal File (IAF), Tab 1 at 1, 12.  In November 2012, the appellant received official notice that the agency intended to close OIG's Omaha Field Office and reassign her to another duty location.  *Id.* at 12.  The appellant filed a Board appeal, alleging that her second-line supervisor, the Special Agent in Charge (SAC), decided to close the Omaha Field Office in retaliation for her protected whistleblowing activity.  *Id.* at 4, 9.

¶3     The parties agreed to participate in the Board's Mediation Appeals Program (MAP), and, following mediation, they entered into a settlement agreement, pursuant to which the agency agreed that the appellant could work from Omaha until January 2015.  IAF, Tab 7 at 1, Tab 8, Tab 9 at 6-7.  The appellant submitted the settlement agreement to the administrative judge with a motion to dismiss the appeal.  IAF, Tab 9 at 4-10.  On March 12, 2013, the administrative judge issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes.  IAF, Tab 10, Initial Decision (ID).  The administrative judge informed the parties that the initial decision would become the final decision of the Board on April 16, 2013, unless a petition for review were filed by that date.  ID at 2.

¶4     On July 23, 2014, the appellant filed a petition for review, requesting that the Board set aside the settlement agreement because the agency fraudulently induced her to settle her appeal.  Petition for Review (PFR) File, Tab 1 at 5.  Specifically, the appellant alleges that, in pleadings and during settlement negotiations, the agency inaccurately represented that the SAC was not the

agency official who decided to close the Omaha Field Office.[2]  *Id.* at 10-11.  In support of her allegation that the agency misrepresented the SAC's involvement in the decision, the appellant submits two emails that the SAC wrote in July and August 2012, respectively.  *Id.* at 28, 31.  In the July 2012 email, the SAC referred to a "persistent lack of productivity over the past five years" in the Omaha office.  *Id.* at 28.  He stated in the August 2012 email, "I have decided to close the Omaha Field Office" and discussed the relocation of affected employees.  *Id.* at 31.  The appellant asserts that these emails are new evidence that she did not discover until June 30, 2014, but does not explain how she learned of the emails.  PFR File, Tab 1 at 5-6, 13, 25, Tab 3 at 4-5, 9, Tab 4 at 9, 14, Tab 5 at 5.

¶5      The agency has filed a response to the petition for review, asserting that the petition is untimely filed without good cause for delay and, alternatively, that the appellant has not established grounds for granting the petition.  PFR File, Tab 4 at 4-22.  The appellant has filed a reply.  PFR File, Tab 5.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6      An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled.  *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009).  Generally, a petition for review must be filed within 35 days after the date of issuance of the initial decision.  5 C.F.R. § 1201.114(e).  The appellant's petition for review was filed on July 23, 2014, more than 15 months after the April 16, 2013 filing deadline, which is a substantial delay.  *See* ID at 2; PFR File, Tab 1 at

---

[2]  In the agency's response to the petition for review, the agency argues that the appellant should be prohibited from introducing evidence regarding the parties' settlement discussions.  PFR File, Tab 4 at 19-22.  We find it unnecessary to decide this issue because the agency, in pleadings and an affidavit filed in the record below, also represented that the SAC did not make the decision to close the Omaha Field Office.  Stay File, Tab 4 at 8-9, 18.

1; *see also Terry v. Equal Employment Opportunity Commission*, 111 M.S.P.R. 258, ¶ 7 (2009) (finding a filing delay of approximately 5 months to be substantial).

¶7        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, the appellant must demonstrate that she exercised due diligence or ordinary prudence under the circumstances of her case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The discovery of new evidence may constitute good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant a different outcome. *Terry*, 111 M.S.P.R. 258, ¶ 8.

¶8        Here, we find that the appellant has failed to establish good cause for the Board to waive the time limit for filing her petition for review. First, the emails are not new evidence because the information contained in the emails is duplicative of evidence that the appellant herself submitted into the record below. *See Dull v. Department of the Navy*, 76 M.S.P.R. 31, 35 (1997) (to constitute new and material evidence justifying waiver of the time limit for filing a petition for review, the information contained in the documents, and not merely the documents themselves, must have been unavailable despite due diligence when the record closed). With a February 2013 motion to stay her reassignment, the appellant submitted an email from the SAC in which he referenced a need to defend "[his] recommendation to have two agents relocated to either Kansas City or Sioux Falls and cover the state of Nebraska from other Regional Offices." Stay File, Tab 1 at 73. The appellant also submitted emails authored by other OIG employees referring to the SAC's "vision for the Region" and stating that the SAC was "planning to reorganize," as well as to statistical data reports prepared by the SAC, all of which she alleged indicated that the SAC made the decision to close the Omaha Field Office. IAF, Tab 1 at 32, Tab 5 at 25-26, 32; Stay File,

Tab 1 at 13-19, 32-36, 59. The emails that the appellant contends are new evidence merely reiterate the SAC's involvement in the decision. *See* PFR File, Tab 1 at 28, 31.

¶9      Even assuming, however, that the emails were new evidence, the appellant has not demonstrated that they were not readily available despite due diligence before the record closed below. The emails were created in July and August 2012, respectively, before the appellant filed her Board appeal and before she entered into the settlement agreement that she now seeks to invalidate. *See id*. at 28, 31; IAF, Tab 1 at 1, Tab 9 at 4. The appellant's IRA appeal was premised upon the proposition that the SAC made the decision to close the Omaha Field Office. IAF, Tab 1 at 9, Tab 5 at 20-23; Stay File, Tab 1 at 13-19, 31, Tab 5 at 5-7. The appellant was aware that the agency disputed this assertion. Stay File, Tab 4 at 8, 18. Prior to settling her appeal, the appellant served discovery requests upon the agency, which likely would have required the agency to produce the emails at issue. *See* PFR File, Tab 4 at 53, 57, 71, 73 (requesting all documents referencing or relating to, and all communications discussing or relating to, the closure of the Omaha Field Office). However, instead of awaiting production of the agency file and the agency's responses to her discovery requests, the appellant decided to settle her appeal. IAF, Tab 7 at 1, Tab 9 at 4-10; PFR File, Tab 4 at 80-81. Documents which an appellant could have obtained through the discovery process cannot be considered previously unavailable despite due diligence. *Terry*, [111 M.S.P.R. 258](#), ¶ 8; *see De Le Gal v. Department of Justice*, [79 M.S.P.R. 396](#), 400 (1998) (in the absence of a motion to compel, the appellant failed to show that he exercised due diligence in obtaining evidence), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table).

¶10     To the extent that the appellant alleges that the agency was obligated to provide her with the emails prior to settling her appeal, we disagree. The appellant agreed to participate in the MAP, which suspended further proceedings in her appeal, including the agency's responses to her discovery requests. IAF,

Tab 7 at 1; *see* 5 C.F.R. § 1201.28(d).  In addition, the appellant was represented by experienced counsel, who agreed that the agency's response to her discovery requests would be due 20 days after the mediation, if the mediation did not resolve her appeal.  PFR File, Tab 4 at 80.  Although the appellant may now regret her decision to settle instead of awaiting discovery responses that would have potentially strengthened her case, she cannot correct her judgmental error after the fact.  *See Dull*, 76 M.S.P.R. at 35 (declining to waive the time limit for filing a petition for review where the appellant elected to settle in lieu of moving to compel production of documents); *Cassidy v. U.S. Postal Service*, 65 M.S.P.R. 86, 90 (1994) (same).

¶11    Furthermore, even assuming that the emails constituted new evidence, the appellant has not demonstrated that she exercised due diligence or ordinary prudence once she obtained them.  As stated above, the appellant claims that she did not discover these emails until June 30, 2014.  She did not file her already untimely petition for review, however, until 3 additional weeks had passed, on July 23, 2014.  The appellant has offered no justification for this additional delay.

¶12    Finally, even had the appellant established good cause for the Board to waive the time limit for filing her petition for review, her new evidence does not establish her claim of fraudulent inducement.  One who attacks a settlement agreement bears a heavy burden of showing that the contract is tainted, and thus invalidated, by fraud practiced upon her.  *Armstrong v. Department of the Treasury*, 110 M.S.P.R. 533, ¶ 12 (2009), *aff'd in part, vacated in part*, 591 F.3d 1358 (Fed. Cir. 2010).  To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled her.  *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 7 (2010).  A material fact is "one in existence at the time of the agreement, one that involves a basic assumption of the [agreement], and one that materially affects performance [of the agreement]."  *As'Salaam v. U.S. Postal Service*, 65 M.S.P.R. 417, ¶¶ 421 (1994).    To    establish

misrepresentation, the appellant must show that a reasonable person would have been misled by the agency's statements. *Armstrong*, 110 M.S.P.R. 533, ¶ 12.

¶13 The only dispute of fact identified by the appellant in her petition for review is who was responsible for closing the Omaha Field Office. The appellant's position below, and on review, is that the SAC was the responsible individual. The agency's position, however, is that the Deputy Inspector General for Investigations, and not the SAC, was responsible. PFR File, Tab 4 at 11-13. The appellant does not contend that she was unaware of the agency's position when she elected to settle this appeal. Further, the emails that she submits for the first time on review fail to establish that the agency knowingly concealed a material fact or intentionally misled her concerning a basic assumption of the agreement or affecting performance of the agreement. Rather, they simply constitute additional evidence that she believes supports her original view of this matter before it was settled. Therefore, even if had the appellant established good cause for the untimely filing of her petition for review, we find her evidence is of insufficient weight to invalidate the settlement agreement. *Armstrong*, 110 M.S.P.R. 533, ¶ 20.

¶14 Accordingly, we DISMISS the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board with regard to the dismissal of the appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.